# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-20005
Summary Calendar

MICHAEL A. McCANN,

Plaintiff-Appellant,

versus

THE TRAVELERS INSURANCE CO.;
DAVE HARTSOOK; VICTORY INS
AGENCY; and GERALD ANDREWS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3998

September 19, 2001

Before POLITZ, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dr. Michael McCann appeals the denial of his Rule 60(b) motion to reopen his suit previously dismissed for lack of subject matter jurisdiction. Through counsel he filed his original petition in November, 1999 against his insurer, Travelers, and his local insurance agents. The defendants answered and moved for dismissal based on lack of diversity. Counsel filed no response to this motion which was granted on January 6, 2000. Nearly seven months later, Dr. McCann, proceeding *pro se*, moved to reopen the case, and sought judgment on the pleadings. After a hearing, the district court dismissed the motion, finding that it lacked jurisdiction and that relief under Rule 60(b) was not appropriate. This appeal followed.

The only matter before us on this appeal is the denial of the Rule 60(b) motion. Rule 60(b)(1) provides for relief from a court's judgment or order due to mistake, inadvertence, surprise, or excusable neglect. As we noted in Edwards v. City of Houston , "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."[1]

The brief filed by Dr. McCann does not contend that the district court abused its discretion in denying the Rule 60(b) motion. Rather, he maintains that the court

---

[1]78 F.3d 983, 995 (5th Cir. 1996) (en banc).

2

erred in the original dismissal of the case for lack of diversity jurisdiction. That court order is not before us in this appeal. Dr. McCann's second claimed error contends that the district court erred in failing to treat his Motion to Reopen the case as a motion to amend the petition. The order of the district court on January 6, 2000 was a final judgment. Accordingly, unless the court granted the motion to reopen, an amendment to the complaint legally would not be possible.

Dr. McCann's brief raises no appropriate issue for appeal. Accordingly, the judgment appealed is AFFIRMED. Additionally, the appellee's request for sanctions pursuant to 28 U.S.C. § 1912 and Rule 38 is GRANTED. In addition to costs, damages in the amount of $3,000 are granted to appellee and assessed against Dr. McCann..